```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

PAUL J. BAKER,

       Plaintiff,

v.                                       Civil Action No. 5:12CV142
                                                     (STAMP)

CHESAPEAKE APPALACHIA, LLC
and STATOIL USA ONSHORE
PROPERTIES, INC.,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS

### I.  Background

The plaintiff originally filed his complaint in this action with the Circuit Court of Ohio County, West Virginia. The plaintiff's complaint arises from a lease agreement with defendants, Chesapeake Appalachia, LLC ("Chesapeake") and Statoil USA Onshore Properties, Inc. ("Statoil"), for the gas and oil rights on the plaintiff's property. The plaintiff alleges that the defendants failed to successfully exercise their option to renew this lease and, therefore, no lease currently exists. The plaintiff's complaint contains ten different counts, all of which arise out of the defendants' alleged actions in conjunction with the gas and oil lease. Specifically, the plaintiff's complaint contains the following counts: (1) breach of implied covenant to diligently explore, develop, produce, and market; (2) breach of implied covenant of good faith and fair dealing; (3) unjust

enrichment; (4) unlawful holding-over; (5) slander of title; (6) trespass; (7) tort of outrage; (8) civil conspiracy; (9) claim for punitive damages; and (10) claim for declaratory relief.

After the plaintiff filed his complaint, the defendants removed the action to this Court. The defendants then also filed a partial motion to dismiss and a counterclaim seeking declaratory judgment. The defendants, in their motion to dismiss, specifically seek the dismissal of Counts 5 through 9 of the plaintiff's complaint. The plaintiff, however, agreed to dismiss Counts 6, 7, 8, and 9 without prejudice. See ECF No. 11. Therefore, this Court will only discuss the defendants' motion as it relates to Count 5 of the complaint, which alleges slander of title.

In support of the defendants' motion to dismiss Count 5 of the complaint, the defendants argue that in stating a claim for slander of title the plaintiff must allege the parties acted with malice, which the defendants contend that the plaintiff failed to do. The plaintiff responded by arguing that he has sufficiently plead malice by alleging that the defendants acted unreasonably. The defendants filed a reply, wherein they argued that unreasonableness did not prove malice, and even so the plaintiff failed to plead unreasonableness.

For the reasons set forth below, this Court grants in part and denies in part the defendants' motion to dismiss Count 5.

2

Specifically, this Court denies the motion as it relates to Chesapeake, but grants the motion as it relates to Statoil.

## II.  Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For

purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

Count 5 of the plaintiff's complaint alleges that the defendants are liable for slander of title. Slander of title is a recognized cause of action in West Virginia. TXO Production Corp. v. Alliance Resources Corp., 419 S.E.2d 870, 879 (W. Va. 1992). To prove a claim of slander of title, the plaintiff must establish the following elements: "(1) publication of; (2) a false statement; (3) derogatory to plaintiff's title; (4) with malice; (5) causing

special damages; and (6) as a result of diminished value in the eyes of third parties." Id.

The defendants argue that the plaintiff has not sufficiently plead the element of malice. The defendants contend that in order to act with malice, a party must "know[] the statement is false or act[] in a reckless disregard of its truth or falsity." ECF No. 4 *4 (citing TXO, 419 S.E.2d at 817 (quoting Restatement (Second) of Torts § 623A(b) (1977))). The defendants first state that the only basis for Count 5 is Chesapeake's premature filing of the notice of extension. The defendants argue, however, that there are no facts alleged that demonstrate that the defendants knew that the notice of extension was false or that they acted in reckless disregard of the notice's falsity. Alternatively, the defendants state that the claim should at least be dismissed as to Statoil because there are no allegations that Statoil was involved in the filing of the notice of extension. The plaintiff responded by arguing that the plaintiff did not need to show that the defendants acted in reckless disregard of the notice of extension's truth or falsity to prove malice, but instead must only show that the defendants were unreasonable in their interpretation of the renewal clause.

First, this Court notes that the defendants' definition of malice is the accurate definition. Malice requires "an intent to injure through the publication of false or misleading defamatory statements known by the publisher or its agents to be false, or an

5

intent to injure through publication of such defamatory statements with reckless and willful disregard for their truth." <u>Sprouse v. Clay Communication, Inc.</u>, 211 S.E.2d 674, 681-82 (W. Va. 1975) (explaining how the definition of malice is more narrow for claims like libel). The defendants' contention, however, that the plaintiff did not allege any facts demonstrating that the defendants knew that the notice of extension was false or that they acted in reckless disregard of the notice's falsity, misinterprets the requirements of Federal Rule of Civil Procedure 8, as interpreted by the United States Supreme Court in <u>Twombly</u> and in <u>Iqbal</u>. The plaintiff is not required to allege behavior which could, from the face of the complaint, be objectively determined to be done with malice, or rather to be done intentionally. Rather, he simply must plead facts which could "plausibly" be found, following discovery and further development of the allegations, to qualify as such.

In the plaintiff's complaint, he alleges that Chesapeake filed the notice of extension of the oil and gas lease prior to the termination of the plaintiff's original lease, which the plaintiff contends is in violation of the original lease. Further, the plaintiff alleges that Chesapeake tendered the plaintiff a check as a bonus payment for the extension of the lease. Allegedly, this bonus payment was not negotiated for by the plaintiff, and the plaintiff did not cash the check. The plaintiff alleges that based

on Chesapeake's actions of filing the notice of extension of the lease, Chesapeake deprived the plaintiff of the opportunity to lease his oil and gas rights and adversely affected the title to his property. The plaintiff also specifically states that the publication was done with malice. This Court finds that these allegations sufficiently raise the probability that Chesapeake acted with malice above that of speculation, and thus satisfy the requirements of Rule 8.

As to Statoil, however, this Court finds that the plaintiff has not sufficiently raised the probability that Statoil acted with malice above that of speculation. First, this Court notes that the plaintiff did not allege that Statoil was responsible for the filing of any notice of extension, but specifically alleged that Chesapeake filed said notice. ECF No. 1 Ex. 1 *6. Therefore, the element of publication required to assert a slander of title claim is absent. Further, Statoil could not have filed a notice of extension intentionally or with reckless disregard for its truth, if it never filed such notice at all. Therefore, this Court agrees with the defendants, insomuch as they argue that the plaintiff failed to state a claim against Statoil for slander of title.

## IV.  Conclusion

For the reasons set forth above, this Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss (ECF No. 3).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: May 8, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE